BUTTON *v.* ILLINOIS BANKERS' LIFE ASSOCIATION.

Opinion delivered September 29, 1930.

*Oliver & Oliver,* for appellant.
*Hunter & Hunter,* for appellee.

KIRBY, J. Appellants, the beneficiary in the life insurance policy and the bank to which it had been assigned as collateral, brought this suit to recover the amount of

the policy upon the death of the insured and, from a judgment on a directed verdict against them, prosecute this appeal.

The undisputed testimony shows that the policy, dated December 9, 1916, was issued on the life of the insured, the first payment of premium $20.50 covering a period of more than a quarter or until April 1, 1917. The policy was issued in consideration of the application, the payment in advance of said $20.50 as a first payment paying until April 1, 1917, with a grace period as provided ''and the payment of all payments and calls required under the contract at or before the time when due and payable and during continuance of this contract.'' It further provides: ''The premiums due under this policy shall be due and payable annually, semi-annually, or quarterly, at the option of the insured, and failure to pay same at maturity shall render the policy absolutely null and void and the same shall be forfeited without further notice of the action of the directors of this association, unless reinstated as provided herein. Payments shall be due January 1, April 1, July 1, and October 1, and until further action of the directors shall be at the following rates, etc.''

Premiums were paid on the policy to and including March 31, 1929, but no premiums were paid after that date. The insured died on September 14, 1929. Proof of death being made and liability on the policy being denied, the suit was brought.

Appellants contend that the court erred in holding that the insurance policy lapsed because of nonpayment of the premium due on April 1, and any premium thereafter, and in directing a verdict against them, insisting that the premium was not required to be paid quarterly in advance, and that the policy did not lapse until the end of the annual premium period.

It is undisputed that no premium was paid or offered to be paid or at all after the premium due on April 1, which was not paid, and that the insured died

on September 14, 1929, after the expiration of the grace period for the payment of the April premium.

The policy expressly provides that payment shall be due January 1, April 1, July 1 and October 1, and the failure to pay same at maturity shall render the policy absolutely null and void and the same shall be forfeited without further notice, unless reinstated as provided, and expressly requires the payment of all payments and calls required under the contract "at or before the time when due and payable." No provision is included in the contract about paid-up or extended insurance, and no contention is made that the insured attempted to exercise the option to pay premiums otherwise than quarterly. The failure to pay the quarterly premium due at maturity on April 1, or within the period of grace allowed therefor, rendered the policy void under its express terms without any further notice or action upon the part of the insurance company, and it is not contended that there was any reinstatement of it. It is also undisputed that the death of the insured occurred long after the expiration of the grace period allowed for payment of the quarterly premium at maturity due on April 1, and the policy having lapsed and become void because of such default, the court properly directed the verdict in favor of the insurance company.

We find no error in the record, and the judgment is affirmed.